34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Truman WILLIAMS, Plaintiff-Appellant,
v.
Donna E. SHALALA,** et al., Defendants-Appellees.
 No. 93-17100.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Truman Williams appeals pro se the district court's grant of summary judgment in favor of the Secretary of Health and Human Services. Williams contends that the Secretary violated his constitutional rights in the calculation of his retirement benefits. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 On December 11, 1991, an Administrative Law Judge (ALJ) decided that Williams was due, and had been paid, an underpayment of $50.40 in retirement benefits. The ALJ also decided that even though Williams had been notified of a $139.60 overpayment, he had not received any overpayment. The ALJ refused to consider the merits of Williams's constitutional claims. The Appeals Council affirmed the ALJ's decision on August 19, 1992.
 
 
 4
 Williams then filed a complaint in district court, claiming that the Secretary, the Social Security Administration, the Mid-America Program Service Center, and its employee H. Debrofsky denied him equal protection and due process and defrauded him when they reduced his retirement benefits because he continued to work after age 65. See 42 U.S.C. Sec. 403(b) (deductions on account of work); Rand v. Sullivan, 924 F.2d 159, 160 n. 1 (9th Cir.1990). The district court dismissed Williams's constitutional and tort claims for lack of jurisdiction. It also construed Williams's complaint in part as an appeal from the Secretary's benefits decision under 42 U.S.C. Sec. 405(g). The district court later granted summary judgment affirming the Secretary's decision.
 
 
 5
 Williams contends that the district court erred by refusing to consider his constitutional and fraud claims. The district court correctly determined that it lacked jurisdiction to consider claims for damages arising out of the denial of social security benefits. See Schweiker v. Chilicky, 487 U.S. 412, 414 (1988) (no jurisdiction to consider due process claim under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)); Hooker v. United States Dep't of Health and Human Servs., 858 F.2d 525, 530 (9th Cir.1988) (42 U.S.C. Sec. 405(h) bars state law tort claim under Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b)). The federal courts do, however, have jurisdiction to assess the constitutionality of social security retirement benefits provisions. See Das v. Department of Health & Human Servs., 17 F.3d 1250, 1255 (9th Cir.1994) (upholding constitutionality of 42 U.S.C. Sec. 415(a)(7), the Windfall Elimination Provision). Moreover, unlike other circuits, we have not ruled upon the constitutionality of 42 U.S.C. Sec. 403(b). See Brown v. Bowen, 905 F.2d 632, 636-37 (2d Cir.1990) (rejecting equal protection challenge to excess earnings provisions, 42 U.S.C. Secs. 403(b), 403(f)(3)), cert. denied, 498 U.S. 1093 (1991).
 
 
 6
 Accordingly, we VACATE the district court's judgment and REMAND for the district court to consider Williams's constitutional challenges to 42 U.S.C. Sec. 403(b).
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3